**Sham Shadq BEGUM, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70838.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 27, 2004.

■■■■■■■■■■■■■■■■

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ashwani K. Bhakhri, Esq., Burlingame, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, OIL, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

## MEMORANDUM **

Sham Shadq Begum, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's denial of her application for asylum, withholding of removal and relief under the Convention Against Torture (the "CAT").

■ We lack jurisdiction to review the BIA's determination that petitioner failed to file her asylum application within one year of her arrival to the United States. *See* 8 U.S.C. § 1158(a)(3); *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001). Under 8 U.S.C. § 1252 we have jurisdiction to review the BIA's alternative holding that petitioner failed to qualify for asylum and denial of withholding of removal and relief under the CAT. We review for substantial evidence, *Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004). We dismiss the petition in part, and deny it in part.

■ Substantial evidence supports the BIA's determination that, even assuming Begum's application was timely, her testimony regarding one incident of robbery and repeated harassment by native Fijians did not rise to the level of past persecution necessary to qualify for asylum. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003) (explaining that persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive[ ]" (internal citations omitted)). Moreover, Begum did not demonstrate a well-founded fear of future persecution. *See Padash v. INS*, 358 F.3d 1161, 1165–66 (9th Cir.2004).

Because Begum failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Begum's CAT claim also fails because she did not show that it would be more likely than not that she would be tortured if returned to Fiji. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Begum's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.